# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

**CADILAC DERRICK,**
        *Plaintiff*,

*vs.*
    Case #

**TIM GIGER and JOHN LOGAN**
        *Defendants*.

## COMPLAINT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and for his cause of action against Defendants state as follows:

## JURISDICTION AND VENUE

1. This is an action for negligence, assault and battery brought pursuant to the law of the State of Missouri, and an action for violations of the civil rights of Plaintiff Cadilac Derrick, brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 as a federal question. Supplemental jurisdiction is conferred upon the court pursuant to 28 U.S.C. § 1367 for the state law claims.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that the unlawful activity and misconduct of Defendants occurred in and around Columbia, Boone County, Missouri.

4. Plaintiff institutes these proceedings and invokes the jurisdiction of this Court under 28 U.S.C. § 1343 to obtain the costs of suit, including reasonable attorney fees, and damages suffered by Plaintiff and caused by Defendants in violation of Cadilac Derrick's rights as guaranteed by the Fourth Amendments to the Constitution of the United States and by federal

law, particularly 42 U. S.C. § 1983.

5. This Court also has jurisdiction of this action under 28 U.S.C. § 1331 as the matter in controversy arises under the Fourth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

**PARTIES**

6. Plaintiff is a citizen of the United States of America and at all times relevant herein is and was a resident of Columbia, Boone County, Missouri.

7. Defendant Tim Giger was at all times a duly appointed officer for the Columbia Police Department and was at all times a resident of Columbia, Boone County, Missouri. He may be served at 600 E. Walnut, Columbia, Missouri 65201.

8. Defendant John Logan was at all times a duly appointed officer for the Columbia Police Department, Columbia, Boone County, Missouri, and at all times a resident of Columbia, Boone County, Missouri. He may be served at 600 E. Walnut, Columbia, Missouri 65201.

9. All of the conduct of Defendants Giger and Logan was performed in their capacities as agents, representatives, and employees of Defendant Columbia, Missouri.

10. Defendants Giger and Logan are sued herein individually and in their official capacities of the Columbia Police Department. Relief is sought against each and all defendants as well as their agents, assistants, successors, employees, and persons acting in concert or cooperation with them, or at their direction or under their supervision.

11. At all times relevant herein, Defendants Giger and Logan acted pursuant to the policies, regulations, or decisions officially adopted or promulgated by those in the Columbia Police Department whose acts may fairly be said to represent official policy or were pursuant to

governmental custom of Columbia, Missouri.

12. At all times relevant herein, Defendants have acted under the color of authority of the law of the State of Missouri or in active concert with such defendants who are so acting.

## FACTS COMMON TO ALL COUNTS

13. On February 24, 2009 Plaintiff was traveling in his validly registered insured 1990 Suburu with his girlfriend Amanda Reed and her 3 year old minor child.

14. On the left side of the street an officer had pulled over another car.

15. Upon seeing Plaintiff's vehicle, Defendants made an immediate u-turn and pulled up behind Plaintiff's vehicle while it was stopped at the light of Worley and Providence in Columbia, Boone County, Missouri.

16. The officers did not immediately pull Plaintiff over. Once the light turned green and had traveled another half a block, the emergency lights on Defendants' vehicle were activated and plaintiff immediately pulled to the side of the road in a safe location.

17. Once pulled over, Defendant Giger came to the window of Plaintiff's vehicle and instructed Plaintiff to drive down to Park Street, make a right turn, pull up the street and park the car.

18. Plaintiff had been arrested by the same two officers several weeks prior to this incident on a traffic stop. Plaintiff was informed by the officers at that time that he had warrants for his arrest and was taken into custody. Upon arriving at the jail, Plaintiff was informed that Defendants were mistaken and that he had no warrants and he was released.

19.     As a result of his prior questionable dealings with these officers, Plaintiff did not go to the secluded area the officers indicated, but instead parked in the shopping center at Park and Providence so that his dealings with the officers would be in a more visible location.

20.     Plaintiff immediately obtained his insurance, registration and license to provide the officers.  The documents were in his hand when the officer arrived at his vehicle, one on the driver's side and one on the passenger's side.

21.     Plaintiff had rolled down the driver's side window and Amanda Reed rolled down the passenger's side window.

22.     Amanda Reed also released her child from the rear car set and was bringing the child to the front, as the child was crying.

23.     Defendant Logan came to the driver's side window and took Plaintiff's documents, but did not look at them.

24.     Defendant Logan signaled to Defendant Giger that he smelled marijuana in the car. He did this by touching his right finger to his nose.

25.     Defendant Giger leaned his head into the vehicle on the other side of the car, after which he signaled to defendant Logan that he did not smell marijuana in the car. He did this by shaking his head negatively.

26.     Plaintiff asked what he was being pulled over for and Defendant Logan stated that plaintiff did not have a drivers license. This was not true, as defendant Logan had plaintiff's drivers license in his hand at the time.  Both Plaintiff and Amanda Reed were carrying valid licenses at the time of the stop.

27. Defendant Logan then opened plaintiff's vehicle door and said "I need you to step out just for a second."

28. Plaintiff stated he was not going to get out of the car and asked for his ID back.

29. Officer Logan told Plaintiff he was going to get out of the vehicle, and grabbed Plaintiff to force him to do so, saying "You better step out of the car, you hear me?"

30. At that time, Defendant Giger fired his Taser at Plaintiff through the passenger side window past Amanda Reed and her three year old daughter.

31. Subsequently, Defendants Logan and Giger physically assaulted plaintiff, placing him in a choke hold, beating him with their fists and knees with great force.

32. At this time, Plaintiff's arms were pinned under his body by the weight of the defendants.

33. While beating plaintiff, Defendant Giger jammed the tip of the mace canister into Plaintiff's left eye and sprayed the contents into Plaintiff's eye.

34. Plaintiff was finally thrown in Defendant's vehicle and taken to the station.

35. On the way to the station, Defendant Giger boasted that he should have changed his taser batteries so that the charge would have been stronger.

36. The beating of plaintiff was unjustified.

37. The tasering of plaintiff was unjustified.

38. The only charge filed against plaintiff was resisting lawful detention, RSMo § 575.150.

39. The Boone County Missouri Prosecutor's Office filed a nolle prosequi of that charge on July 15, 2010.

## COUNT ONE
## 42 U.S.C. § 1983 VIOLATION OF PLAINTIFF'S CIVIL RIGHTS
### (Excessive use of Force under the Fourth Amendment)

40.     Plaintiff, for Count One of his complaint, incorporates by reference paragraphs 1 through 39 of this complaint as if fully set forth herein verbatim.

41.     There was no need for the application of force by defendants.

42.     The application of force by defendants Giger and Logan was not justified and was completely unnecessary in light of the circumstances of the traffic stop.

43.     Defendants' use of force was applied maliciously and sadistically for the very purpose of causing harm to Plaintiff.

44.     Defendants' use of unjustified force as stated above was reckless and outrageous and subjected Plaintiff Cadilac Derrick to an unreasonable risk of harm.  An award of punitive damages is warranted by Defendants' conduct.

45.     Plaintiff is further entitled to a recovery of reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff prays judgment against Defendants Giger and Logan in Count I declaring that the acts and omissions of Defendants constitute violation of his civil rights under 42 USC §1983; actual damages in a fair and reasonable amount against Defendants Tim Giger and John Logan, individually, jointly and severally, plus interest on said sum at a rate of nine percent per annum on or from the date of Plaintiffs' injuries, or alternatively from the date this complaint is filed; and and award of Punitive damages in such amount as will properly punish said Defendants and make an example of Defendants.

### COUNT TWO
### NEGLIGENCE PER SE
### (Missouri common law claim against Defendants Giger and Logan)

46.     Plaintiff, for Count two of his complaint, incorporates by reference paragraphs 1 through

45 of this complaint as if fully set forth herein verbatim.

47. Defendants Giger and Logan had a duty to act in a manner that would not cause harm to plaintiff.

48. Defendant Geiger and Logan intentionally and/or negligently inflicted injuries to plaintiff without justification.

49. Plaintiff Cadilac Derrick's injuries were proximately caused by the negligence of the Defendants in violation of §§ 563.026, 563.031 and 563.046, RSMo.

50. The negligent acts of the Defendants subjected Plaintiff to severe economic and non-economic damages.

51. Defendants' actions, as stated above, were reckless and outrageous and subjected Cadilac Derrick to an unreasonable risk of harm. An award of punitive damages is warranted by Defendants' conduct.

**WHEREFORE**, Plaintiff prays judgment against Defendants Giger and Logan in Count II declaring that the acts and omissions of Defendants constitute negligence under the common law of the State of Missouri; actual damages in a fair and reasonable amount against Defendants Tim Giger and John Logan, individually, jointly and severally, plus interest on said sum at a rate of nine percent per annum on or from the date of Plaintiffs' injuries, or alternatively from the date this complaint is filed; and and award of Punitive damages in such amount as will properly punish said Defendants and make an example of Defendants.

### COUNT THREE
### ASSAULT
**(Missouri common law claim against Defendants Giger and Logan)**

**COMES NOW** Plaintiff, and for his cause of action against Defendant Tim Giger and

John Logan states as follows:

52. Plaintiff, for Count Three of his complaint, incorporates by reference paragraphs 1 through 51 of this complaint as if fully set forth herein verbatim.

53. Defendant Giger and Defendant Logan's actions in physically assaulting, tasering and using mace on Plaintiff placed Plaintiff in immediate fear of offensive contact.

54. Plaintiff's damages were directly and proximately caused by the conduct of Defendants, individually and collectively.

55. The conduct of Defendants subjected Plaintiff to damages.

56. Defendants' actions, as stated above, were outrageous and subjected Plaintiff to an unreasonable risk of harm. An award of punitive damages is warranted by Defendants' conduct.

**WHEREFORE**, Plaintiff prays judgment against Defendants Giger and Logan in Count III declaring that the acts and omissions of Defendants constitute assault under the common law of the State of Missouri; Actual damages in a fair and reasonable amount against Defendants Tim Giger and John Logan, individually, jointly and severally, plus interest on said sum at a rate of nine percent per annum on or from the date of Plaintiffs' injuries, or alternatively from the date this complaint is filed; and an award of Punitive damages in such amount as will properly punish said Defendants and make an example of Defendants.

### COUNT FOUR
### BATTERY
**(Missouri common law claim against Defendants Giger and Logan)**

**COMES NOW** Plaintiff, and for his cause of action against Defendant Tim Giger and Defendant John Logan states as follows:

57. Plaintiff, for Count Four of his complaint, incorporates by reference paragraphs 1 through

56 of this complaint as if fully set forth herein verbatim.

58. Defendant Tim Giger and John Logan's actions tasering, assaulting and using excessive force against Plaintiff caused Plaintiff to suffer offensive contact.

59. Plaintiff's damages were directly and proximately caused by the conduct of Defendants, individually and collectively.

60. The conduct of Defendants subjected Plaintiff to damages.

61. Defendant's actions, as stated above, were outrageous and subjected Plaintiff to an unreasonable risk of harm. An award of punitive damages is warranted by Defendants' conduct.

**WHEREFORE**, Plaintiff prays judgment against Defendants Giger and Logan in Count IV declaring that the acts and omissions of Defendants constitute battery under the common law of the State of Missouri; actual damages in a fair and reasonable amount against Defendants Tim Giger and John Logan, individually, jointly and severally, plus interest on said sum at a rate of nine percent per annum on or from the date of Plaintiffs' injuries, or alternatively from the date this complaint is filed; and and award of Punitive damages in such amount as will properly punish said Defendants and make an example of Defendants.

### JURY DEMAND

Plaintiff requests a trial by jury on all issues triable to a jury.

>Respectfully submitted,
>
>TRAPP & ASSOCIATES
>
>*/s/ Samuel E. Trapp*

|         | _____ |
|---------|-----------------------------------|
| by:     | SAMUEL E. TRAPP, #52617           |
|         | 4732 Highway 54                   |
|         | PO Box 1680                       |
|         | Osage Beach, MO 65065             |
|         | Telephone (573) 348-2021          |
|         | Fax (573) 348-2026                |
|         | *sam.trapp@trapplaw.biz*          |