IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CADILAC DERRICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:10-cv-04158-MJW |
| TIM GIGER, et al., | ) ) ) |
| Defendants. | ) ) |

## ANSWER TO AMENDED COMPLAINT

Defendants Tim Giger and John Logan state the following for their answer to plaintiff's amended complaint (Doc. 4):

### JURISDICTION AND VENUE

1. Defendants admit the allegations contained in paragraph 1, except that they deny that there is a basis in fact and/or law for plaintiff's claims.

2. Defendants admit the allegations contained in paragraph 2.

3. Defendants admit the allegations contained in paragraph 3, except that defendants deny that they engaged in unlawful activity and misconduct as alleged in the amended complaint.

4. Defendants deny the allegations contained in paragraph 4, except that they admit that plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. §1343.

5. Defendants admit the allegations contained in paragraph 5.

### PARTIES

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Defendants admit the allegations contained in paragraph 7, except as to defendant Giger's place of residence, which is irrelevant to any claim made in this case.

8. Defendants admit the allegations contained in paragraph 8, except as to defendant Logan's place of residence, which is irrelevant to any claim made in this case.

9. Defendants admit the allegations contained in paragraph 9, except that defendants deny that they acted as alleged in the amended complaint.

10. Defendants admit that plaintiff has sued defendants in their individual and official capacities. Defendants deny the remaining allegations contained in paragraph 10.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Defendants admit that they act under color of law. Defendants deny the remaining allegations contained in paragraph 12.

## FACTS COMMON TO ALL COUNTS

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Defendants admit that upon noticing that plaintiff's vehicle had no front plate displayed, defendants turned around and made a traffic stop. Defendants deny the remaining allegations contained in paragraph 15.

16. Defendants admit that the emergency lights on their vehicle were activated. Defendants deny the remaining allegations contained in paragraph 16.

17. Defendants admit that defendant Giger told plaintiff to pull onto Park Street to the right. Defendants deny the remaining allegations contained in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

20. Defendants deny the allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Defendants admit that defendant Logan came to the driver's side window and received a Missouri driver's license from plaintiff. Defendants deny the remaining allegations contained in paragraph 23.

24. Defendants admit that defendant Logan alerted defendant Giger that he could smell narcotics coming from the vehicle. Defendants deny the remaining allegations contained in paragraph 24.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26, except that defendants admit that plaintiff gave defendant Logan a Missouri driver's license.

27. Defendants admit that defendant Logan opened the driver's door and asked plaintiff to step out of the vehicle. Defendants deny the remaining allegations contained in paragraph 27.

28. Defendants admit that plaintiff stated that he was not going to get out of the car. Defendants deny the remaining allegations contained in paragraph 28.

29. Defendants admit that defendant Logan advised plaintiff that plaintiff was going to get out of the vehicle and that defendant Logan grabbed a hold of plaintiff's left forearm. Defendants deny the remaining allegations contained in paragraph 29.

30. Defendants admit that defendant Giger deployed the Taser after seeing plaintiff pull away from defendant Logan, lean forward in the car and place both of his hands in his lap area. Defendants deny the remaining allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34, except that defendants admit that plaintiff was taken to the Columbia Police Department after resisting arrest.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants deny the allegations contained in paragraph 37.

38. Defendants deny the allegations contained in paragraph 38.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

## COUNT ONE

40. In paragraph 40, plaintiff incorporated by reference paragraphs 1 through 39 of the amended complaint. Defendants reallege and incorporate by reference their answers to the foregoing paragraphs.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants deny the allegations contained in paragraph 42.

4

43. Defendants deny the allegations contained in paragraph 43.

44. Defendants deny the allegations contained in paragraph 44.

45. Defendants deny the allegations contained in paragraph 45.

## DEFENSES

1. The allegations contained in plaintiff's amended complaint fail to state a claim upon which relief can be granted against defendants either in their individual capacities or in their official capacities.

2. Defendants, in their individual capacities, are immune from plaintiff's claim by reason of the doctrine of qualified immunity, in that whatever actions defendants engage in with reference to plaintiff were undertaken reasonably, and were not in violation of any clearly established rights secured for plaintiff by the Constitution.

3. Plaintiff has failed to mitigate whatever damages, if any, plaintiff may have incurred by reason of the matters alleged in the amended complaint.

4. Defendants, in their official capacities, are immune from plaintiff's claim for punitive damages.

5. Plaintiffs claim for punitive damages against defendants in their individual capacities violates defendants' rights to due process, equal protection, and freedom from excessive fines, as secured for defendants by the Constitutions of the United States and the State of Missouri.

WHEREFORE, having fully answered Count One of the amended complaint, defendants pray this Court enter its order dismissing Count One with prejudice, awarding defendants their costs and reasonable attorney fees pursuant to 42 U.S.C. §1988(b) and granting defendants such further relief as this Court deems proper.

## COUNT TWO

46. In paragraph 46, plaintiff incorporates by reference paragraphs 1 through 45 of the amended complaint. Defendants reallege and incorporate by reference their answers to the foregoing paragraphs.

47. Defendants deny the allegations contained in paragraph 47 for the reason that whatever harm plaintiff may have incurred was due to plaintiff's own unlawful actions.

48. Defendants deny the allegations contained in paragraph 48.

49. Defendants deny the allegations contained in paragraph 49.

50. Defendants deny the allegations contained in paragraph 50.

51. Defendants deny the allegations contained in paragraph 51.

## DEFENSES

1. Defendants reallege and incorporate by reference paragraphs 1, 3, and 5 of the defenses set forth in response to Count One.

2. Plaintiff's claim against defendants in their individual capacities is barred by the doctrine of official immunity, in that whatever actions defendants took with reference to plaintiff were undertaken in the discretionary discharge of defendants' official duties as police officers.

3. Defendants, in their official capacities, are immune from plaintiff's claim for punitive damages under the common law of the State of Missouri and by reason of Mo.Rev.Stat. §537.610.3.

WHEREFORE, having fully answered Count Two of the amended complaint, defendants pray this Court enter its order dismissing Count Two with prejudice at plaintiff's cost for such further relief as this Court deems proper.

## COUNT THREE

52. In paragraph 52, plaintiff incorporates by reference paragraphs 1 through 51 of the complaint. Defendants reallege and incorporate by reference their answers to the foregoing paragraphs.

53. Defendants deny the allegations contained in paragraph 53.

54. Defendants deny the allegations contained in paragraph 54.

55. Defendants deny the allegations contained in paragraph 55.

56. Defendants deny the allegations contained in paragraph 56.

## DEFENSES

1. Defendants reallege and incorporate by reference paragraphs 1, 2, and 3 of the defenses set forth in response to Count Two.

2. Plaintiff, by his words and/or conduct consented to whatever actions defendants undertook to take plaintiff into custody.

WHEREFORE, having fully answered Count Three of the amended complaint, defendants pray this Court enter its order dismissing Count Three with prejudice at plaintiff's cost for such further relief as this Court deems proper.

## COUNT FOUR

57. In paragraph 57, plaintiff incorporates by reference paragraphs 1 through 56 of the amended complaint. Defendants reallege and incorporate by reference their answers to the foregoing paragraphs.

58. Defendants deny the allegations contained in paragraph 58.

59. Defendants deny the allegations contained in paragraph 59.

60. Defendants deny the allegations contained in paragraph 60.

61. Defendants deny the allegations contained in paragraph 61.

## DEFENSES

1. Defendants reallege and incorporate by reference paragraphs 1 and 2 of the defenses set forth in response to Count Three.

WHEREFORE, having fully answered Count Four of the amended complaint, defendants pray this Court enter its order dismissing Count Four with prejudice at plaintiff's cost for such further relief as this Court deems proper.

Respectfully submitted,

KING, KREHBIEL, HELLMICH,
HACKING & BORBONUS, LLC


By: */s/ Robert J. Krehbiel*
ROBERT J. KREHBIEL #28616
2000 South Hanley Road
St. Louis, MO 63144-1524
Phone: (314) 646-1110
FAX: (314) 646-1122
E-Mail: rkrehbiel@kkhhb.com
*Attorneys for Defendants Tim Giger and John Logan*


**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Samuel E. Trapp, *Attorney for* Plaintiff, at E-Mail: sam.trapp@trapplaw.biz.

*/s/ Robert J. Krehbiel*